UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:23cv22689

AL VAZQUEZ,

    Plaintiff,

v.

ZIONS DEBT HOLDINGS, LLC. and
MONITRONICS INTERNATIONAL, INC.
d/b/a BRINKS HOME SECURITY,

    Defendant(s).
_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA"),

## JURISDICTION & VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1367, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendants sent letters and made collection efforts in this District.

## PARTIES

3.    Plaintiff, Al Vazquez, ("Vazquez"), is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4.    Defendant, MONITRONICS INTERNATIONAL, INC. dba BRINKS HOME SECURITY, ("Brinks"), is a corporation organized under the laws of the State of Delaware. Its principal place of business is at 1990 Wittington Place, Farmers Branch, TX 75234.

5. Brinks is registered with the Florida Department of State Division of Corporations as a corporation. Its registered agent for service of process is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

6. Defendant, Zions Debt Holdings, LLC., ("Zions"), is a corporation organized under the laws of the State of Utah. Its principal place of business is at 299 E 950 S, Orem, UT 84058 and Registered Agent, Seth Young at 299 E 950 S, Orem, UT 84058.

7. Zions regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts for others.

8. Brinks retained Zions to collect a consumer debt against Plaintiff.

9. Zions is not registered as a collection agency in Florida.

10. Zions is a "debt collector" as defined in the FDCPA and FCCPA.

11. Brinks is a creditor as defined by the FCCPA.

**FACTUAL ALLEGATIONS**

12. Defendant sought to collect from Plaintiff an alleged debt for a consumer account/home security monitoring account.

13. The debt was for a personal, household, or family purpose.

14. Plaintiff contracted with and used a Home Monitoring Security System with Brinks.

15. Plaintiff experienced financial difficulties and ultimately defaulted on his account with Brinks.

16. Due to financial difficulties, Plaintiff retained the undersigned to negotiate his debts including the Brinks account ("Debt").

17. On or about April 18, 2023, Plaintiff's attorney, Joel D. Lucoff, Esq. ("Lucoff") sent a dispute letter advising the Defendants of his representation of the

Plaintiff. The letter from Lucoff's office to Defendant specifically requested that Defendants cease and desist all communications with Plaintiff. Attorney Lucoff continues to represent Plaintiff. A copy of the letter is attached as Exhibit "A."

18. Attorney Lucoff is a member of the Florida Bar.

19. Attorney Lucoff's information can be verified on the Florida Bar's website.

20. Defendants ignored Lucoff's letter of representation and continued to send collection attempts/demand for payment directly to the Plaintiff. Defendant's behavior is willful and intended to harass Plaintiff. A copy of Defendants collection letter to Plaintiff is attached as Exhibit "B."

21. Defendant was aware that Joel D. Lucoff represented and continues to represent the Plaintiff.

22. Defendant, Brinks was aware that by causing their agent to continue sending communications directly to Plaintiff, it violated the FCCPA.

23. Defendant, Zions was aware that by sending communications directly to Plaintiff, it violated the FDCPA and FCCPA.

24. Defendant, Zions, was not and to date is still not licensed to collect debt in the state of Florida and knew that it had no right to contact the Plaintiff to collect the debt. A copy of the license verification page of the Florida Office of Financial Regulation confirming Defendant, Zions, unlicensed status is attached hereto as Exhibit "C".

25. At no time did Defendant attempt to contact attorney Joel D. Lucoff.

26. Plaintiff did not consent to direct communication with Defendant.

27. Plaintiff did not initiate any communication with Defendant.

28. Attorney Lucoff did not fail to respond to any communication from Defendant.

29. If Defendants continue to communicate directly with Plaintiff, Plaintiff will be harmed in the future by the inability to avail himself of the representation of his counsel.

30. The actions of Defendants caused Plaintiff to incur actual damages including attorney's fees, lost time, and emotional pain and suffering.

## COUNT I
## ZIONS COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

31. Plaintiff incorporates Paragraphs 1 through 3, and 6 through 30.

32. Defendant, Zions communicated directly with Plaintiff when Defendant knew or should have known Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Zions for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## ZIONS' DEBT COLLECTION WITHOUT A LICENSE IN VIOLATION OF 15 U.S.C §1692e(5)

33. Plaintiff incorporates Paragraphs 1 through 3 and 6 through 30.

34. Zions improperly attempted to collected a debt while not having a valid license to collect debt in the State of Florida in violation of 15 U.S.C. §1692e(5).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Zions for:

    a. Statutory and actual damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## ZIONS' COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF FLA. STAT. §559.72(18)

35. Plaintiff incorporates Paragraphs 1 through 3 and 6 through 30.

36. Zions communicated directly with Plaintiff when it knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72(18).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## ZIONS' DEBT COLLECTION WITHOUT A LICENSE IN VIOLATION OF FLA. STAT. §559.72(9)

37. Plaintiff incorporates Paragraphs 1 through 3 and 6 through 30.

38. Zions improperly attempted to collected a debt while not having a valid license to collect debt in the State of Florida in violation of 15 U.S.C. §1692e(5).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Zions for:

    a.    Statutory and actual damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

**COUNT V**
**BRINK'S COMMUNICATION WITH A CONSUMER REPRESENTED**
**BY COUNSEL IN VIOLATION OF FLA. STAT. §559.72(18)**

39. Plaintiff incorporates Paragraphs 1 through 5, 8 and 11 through 30.

40. Defendant caused its agent to communicate directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72(18).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

    */s/Joel D. Lucoff*
    Joel D. Lucoff
    Fla. Bar No. 192163
    Debt Shield Law
    3440 Hollywood Blvd., Suite 415
    Hollywood, FL 33021
    Phone: 844-279-1112
    service@debtshieldlaw.com
    joel@debtshieldlaw.com
    dayami@debtshieldlaw.com